[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 20, 1999, the plaintiff brought this action pursuant to Conn. Gen. Stat. § 49-30 to foreclose its mortgage as to any interest held by Nancy L. Bowden or her successor in title in property located at 319 Scott Road in Plymouth, Connecticut. Ms. Bowden is an omitted party in Connecticut Housing FinanceAuthority v. Mark C. Bowden. et al., Docket No. CV98-0077775-S. In that action, the plaintiff obtained a judgment of strict foreclosure as to Mark C. Bowden on October 26, 1998; it did not foreclose the interest of Nancy L. Bowden as proper service had not been made upon her. Title having vested in Ms. Bowden, she next conveyed her undivided one-half interest to Mark C. Bowden by way of quitclaim deed dated February 3, 1999. Mr. Bowden remains in possession.
The defendant Mark C. Bowden has here asserted two (2) special defenses. The plaintiff has moved to strike both defenses. The defendant has failed to respond to the motion.
First Special Defense
So labeled as to assert a cause of action sounding in "promissory and equitable estoppel; this special defense stated the mortgage note provides for the right to reinstate the mortgage upon default if the equity owner should pay all sums owing and current costs. It further states the plaintiff wrote a letter offering to reinstate him. The plaintiff has moved to strike this defense and asserts any such right the defendant had to reinstate was extinguished in the initial foreclosure action.
As support for its position, the plaintiff cites to FederalHome Loan Mortgage Corp. v. McDonnell. et al., Docket No. 108095, Judicial District of Waterbury (Super.Ct. 1992, Blue, J.). There, the same special defense was struck by the court for failure to state a claim upon which relief may be granted. With reference to the present title holder's attempt to assert a right to cure the prior holder's default, Judge Blue stated, "Absentsome contractual right, this is simply a right that it does not have." Although Mark C. Bowden here claims such a contractual right to reinstate is created by the mortgage note, the special defense provides no more specific allegations of fact. If such a right were so created, it is a right which was — whether or not there asserted — extinguished in the first foreclosure action. This special defense therefore lacks allegations legally sufficient to state a claim upon which relief may be granted. CT Page 15336
Second Special Defense
This special defense alleges a violation of truth in lending laws. Specifically, Mark C. Bowden alleges the plaintiff failed to provide accurate documentation and disclosure of information as required by both federal and state statutes and regulations. To this the plaintiff responds the defendant merely states legal conclusions and further asserts this is not a valid defense to a foreclosure action and, even if it were, Mark C. Bowden lacks standing to assert the same.
A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). Here, no facts of any kind are alleged with regard to required information either not provided or inaccurately documented and the claimed violations of truth in lending laws lie unsupported. Additionally, a mortgagee's failure to comply with state and/or federal truth in lending requirements has been held not to constitute a legally sufficient special defense in mortgage foreclosure actions. See e.g., GMAC v.Mortgage Corp. v. Ferrante, 1997 WL 630052 (Conn.Super.Ct. 1997); Wells Fargo Credit Corp. v. Hurley, 1997 WL 503179 (Conn.Super. 1997).
Conclusion:
The motion to strike both special defenses is granted.
Sheedy, J.